IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUSTO VILLALVA,                          )
                                         )
          Petitioner,                    )
                                         )
v.                                       )          Civil Action No. 2:13cv238-TMH
                                         )                    (WO)
ERIC HOLDER, *et al.*,                   )
                                         )
          Respondents.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Justo Villalva ("Villalva") initiated this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at the Etowah County, Alabama, Detention Center under the authority of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Arguing that his continued detention is unconstitutional, Villalva seeks immediate release from custody and requests declaratory and injunctive relief.

## DISCUSSION

In general, a 28 U.S.C. § 2241 petition for habeas corpus relief that challenges the constitutionality of a prisoner's current confinement must be filed in the district court in which a petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Villalva is currently incarcerated at the Etowah County Detention Center in Gadsden,

Alabama.  This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."  28 U.S.C. § 1404(a).  Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama for all further proceedings.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 30, 2013.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 16th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE